**HCDistrictclerk.com**        BAKER, JILL (CO JKCB PROPERTIES LLC) vs.                    9/11/2017
                               METROPOLITAN LLOYDS INSURANCE COMPANY
                               OF
                               Cause: 201752902        CDI: 7       Court: 270

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 9/8/2017 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CONDER, DENNIS D. | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS |
| 9/8/2017 | FIRST AMENDED ANSWER ORIGINAL PETITION | | | 0 | | CONDER, DENNIS D. | THOMAS, RODNEY |
| 8/31/2017 | ANSWER ORIGINAL PETITION | | | 0 | | CONDER, DENNIS D. | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS |
| 8/31/2017 | ANSWER ORIGINAL PETITION | | | 0 | | CONDER, DENNIS D. | THOMAS, RODNEY |
| 8/9/2017 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/9/2017 | ORIGINAL PETITION | | | 0 | | WILSON, DAVID PHILIP | BAKER, JILL (CO JKCB PROPERTIES LLC) |



170821302040011

JOKS14044KL

8/9/2017 1 02 PM
Chris Daniel - District Clerk Harris County
Envelope No 18733951
By Lewis John-Miller
Filed 8/9/2017 1 02 PM

# 2017-52902 / Court: 270

CAUSE NO _____

| | | |
|---|---|---|
| JILL BAKER c/o JKCB PROPERTIES LLC, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | HARRIS COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS and | § | |
| RODNEY THOMAS, | § | |
| Defendants, | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
### AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW Jill Baker c/o JKCB Properties LLC, Plaintiff herein, and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Metropolitan Lloyds Insurance Company of Texas ("Metropolitan Lloyds Insurance Company of Texas") and Rodney Thomas ("Thomas") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following

### DISCOVERY CONTROL PLAN

1       Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190 4 and 169

### PARTIES

2       Plaintiff, Jill Baker c/o JKCB Properties LLC, resides in Harris County, Texas

3       Defendant, Metropolitan Lloyds Insurance Company of Texas, is a Texas insurance company, engaged in the business of insurance in the State of Texas   Plaintiff requests service of citation upon Metropolitan Lloyds Insurance Company of Texas, through its

registered agent for service, **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**  Plaintiff requests service at this time

4    Defendant, Rodney Thomas, is an adjuster who resides in Irving, Texas.  Plaintiff requests service of citation upon Rodney Thomas at the address listed with the Texas Department of Insurance: **Dallas Field Claims Office, 3660 Regent Blvd, Ste. 150, Irving, Texas 75063-2208**.  Plaintiff requests service at this time

### JURISDICTION

5    The Court has jurisdiction over Metropolitan Lloyds Insurance Company of Texas because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6    The Court has jurisdiction over Rodney Thomas because this Defendant engaged in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case

### VENUE

7    Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas  TEX CIV PRAC & REM CODE § 15 032

2

1708213020400‑11

## FACTS

8    Plaintiff asserts claims for fraud, breach of contract, negligence, gross negligence, negligent hiring, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA

9    Plaintiff owns a Metropolitan Lloyds Insurance Company of Texas homeowner's insurance policy, number H998271597-1 ("the Policy"), which was issued by Metropolitan Lloyds Insurance Company of Texas.  At all relevant times, Plaintiff owned the insured premises located at 6614 Preston Trail Drive, Houston, Texas 77069 ("the Property")

10.    Metropolitan Lloyds Insurance Company of Texas or its agent sold the Policy, insuring the Property, to Plaintiff   Metropolitan Lloyds Insurance Company of Texas represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home

11.    On or about April 17, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Harris County, Texas, area.

12.    In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Metropolitan Lloyds Insurance Company of Texas against the Policy for damage to the Property. Metropolitan Lloyds Insurance Company of Texas assigned claim number JDG51404 FM to Plaintiff's claim

13    Plaintiff asked Metropolitan Lloyds Insurance Company of Texas to cover the cost of damage to the Property pursuant to the Policy.

3

14.    Metropolitan Lloyds Insurance Company of Texas hired or assigned its agents, namely Thomas, to inspect and adjust the claim.  Thomas conducted an inspection on or about February 9, 2017, according to the information contained in his estimate   Thomas' findings generated an estimate of damages totaling $392 38   After application of depreciation and deductible of $3,166.00 Plaintiff was left without any recovery to make the necessary repairs to her home.

15    Metropolitan Lloyds Insurance Company of Texas, through its agent, Thomas, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage

16    Metropolitan Lloyds Insurance Company of Texas and Thomas have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional exterior and interior damage. Specifically, Thomas found that only the roof's rain caps and vents were damaged, in addition to the glazed window beading   The third party inspector hired to review the damage to the Property found $18,995 06 of damage to 39 square of Plaintiff's roof   In addition, the third party inspector found damage to the roofing felt, valley metal, asphalt starter, drip edge, 20" flashing, pipe jack flashing, step flashing, furnace vent, and the gutters and downspouts that were completely absent from Thomas' estimate.

17.    Plaintiff's called in the claim in to Defendant when she noticed spots on her ceiling and water leaking through  Despite the claim for interior damage, Thomas' estimate contained no mention of interior damage and the pictures from his estimate do not

4

170521302040511

contain any interior photographs   The third party adjuster documented $2,143.27 in damage to Plaintiff's sunroom on his inspection that was caused by damage to the roof from the hail and windstorm event that occurred on the date of loss.

18   The damage to Plaintiff's Property is currently estimated at $32,670 39

19.   Thomas had a vested interest in undervaluing the claims assigned to him by Metropolitan Lloyds Insurance Company of Texas in order to maintain his employment   The disparity in the number of damaged items in his report compared to that of the third party inspector's as well as the difference in valuation is evidence of fraud on the part of Thomas

20   Furthermore, Thomas was aware of Plaintiff's deductible prior to inspecting the Property. Thomas had advanced knowledge of the damages he needed to document in order to be able to deny the claim

21   Thomas misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Thomas made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the fraudulent estimate as a true representation of the damages

22   After reviewing Plaintiff's Policy, Thomas misrepresented that the damage was caused by non-covered perils   Thomas used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

23   As stated above, Metropolitan Lloyds Insurance Company of Texas and Thomas improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Metropolitan Lloyds Insurance Company of Texas and Thomas misrepresented the cause of, scope of,

1708213020400011

and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy

24    Metropolitan Lloyds Insurance Company of Texas and Thomas made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Metropolitan Lloyds Insurance Company of Texas and Thomas made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared Thomas

25    Plaintiff relied on Metropolitan Lloyds Insurance Company of Texas and Thomas' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property  Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations

26    Upon receipt of the inspection and estimate reports from Thomas, Metropolitan Lloyds Insurance Company of Texas failed to assess the claim thoroughly  Based upon Thomas' grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Metropolitan Lloyds Insurance Company of Texas failed to provide coverage due under the Policy, and Plaintiff suffered damages.

27    Because Metropolitan Lloyds Insurance Company of Texas and Thomas failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property.  This has caused additional damage to Plaintiff's Property

6

170821302040011

28.    Furthermore, Metropolitan Lloyds Insurance Company of Texas and Thomas failed to perform their contractual duties to Plaintiff under the terms of the Policy  Specifically, Thomas performed an unreasonable and substandard inspection that allowed Metropolitan Lloyds Insurance Company of Texas to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff

29     Metropolitan Lloyds Insurance Company of Texas and Thomas' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code  Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff

30.    Metropolitan Lloyds Insurance Company of Texas and Thomas' conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX INS. CODE §541.060(a) (1).  Metropolitan Lloyds Insurance Company of Texas and Thomas have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Metropolitan Lloyds Insurance Company of Texas and Thomas have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy

7

170821302040011

31.     Metropolitan Lloyds Insurance Company of Texas and Thomas' conduct constitute a

violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX INS  CODE

§541 060(a) (2) (A).   Metropolitan Lloyds Insurance Company of Texas and Thomas

failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

32      Additionally, after Metropolitan Lloyds Insurance Company of Texas received statutory

demand on or about May 22, 2017, Metropolitan Lloyds Insurance Company of Texas

has not communicated that any future settlements or payments would be forthcoming to

pay for the entire loss covered under the Policy, nor did it provide any explanation for

failing to settle Plaintiff's claim properly

33      Metropolitan Lloyds Insurance Company of Texas 'and Thomas' conduct constitute a

violation of the Texas Insurance Code, Unfair Settlement Practices   TEX. INS  CODE

§541 060(a) (4).   Thomas performed a biased and intentionally substandard inspection

designed to allow Metropolitan Lloyds Insurance Company of Texas to refuse to provide

full coverage to Plaintiff under the Policy.

34      Specifically, Metropolitan Lloyds Insurance Company of Texas and Thomas performed

an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair,

and inequitable evaluation of Plaintiff's losses on the Property

35      Metropolitan Lloyds Insurance Company of Texas' conduct constitutes a violation of the

Texas Insurance Code, Prompt Payment of Claims   TEX INS  CODE §542 055   Due to

17082130204091I

Thomas subpar inspection, Metropolitan Lloyds Insurance Company of Texas failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information

36. Metropolitan Lloyds Insurance Company of Texas' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims  TEX  INS  CODE §542.056  Due to Thomas' intentional undervaluation of Plaintiff's claims, Metropolitan Lloyds Insurance Company of Texas failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Thomas' understatement of the damage to the Property caused Metropolitan Lloyds Insurance Company of Texas to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim

37 Metropolitan Lloyds Insurance Company of Texas and Thomas' wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS

38. All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

39 Metropolitan Lloyds Insurance Company of Texas is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing  It follows, then, that the breach of the statutory duties

1708213020400011

constitutes the foundation of an intentional breach of the insurance contract between Metropolitan Lloyds Insurance Company of Texas and Plaintiff

40.     Metropolitan Lloyds Insurance Company of Texas' failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Metropolitan Lloyds Insurance Company of Texas' insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

41      Metropolitan Lloyds Insurance Company of Texas' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices  TEX INS CODE §541.060(a)   All violations under this article are actionable by TEX. INS CODE §541 151

42.     Metropolitan Lloyds Insurance Company of Texas' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance  TEX INS CODE §541 060(a) (1)

43      Metropolitan Lloyds Insurance Company of Texas' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Metropolitan Lloyds Insurance Company of Texas' liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance  TEX INS CODE §541 060(a) (2) (A)

10

170521302040011

44.   Metropolitan Lloyds Insurance Company of Texas' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance  TEX  INS  CODE §541 060(a) (3)

45    Metropolitan Lloyds Insurance Company of Texas' unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance TEX  INS  CODE §541 060(a) (7)

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

46    Metropolitan Lloyds Insurance Company of Texas' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims   All violations made under this article are actionable under TEX  INS  CODE §542 060

47.   Metropolitan Lloyds Insurance Company of Texas' delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim  TEX  INS  CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

48    Metropolitan Lloyds Insurance Company of Texas' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts

11

1708213020400011

49.     Metropolitan Lloyds Insurance Company of Texas' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Metropolitan Lloyds Insurance Company of Texas knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing

## DTPA VIOLATIONS

50.     Metropolitan Lloyds Insurance Company of Texas' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX BUS & COM CODE 17 41–63  Plaintiff is a consumer of goods and services provided by Metropolitan Lloyds Insurance Company of Texas pursuant to the DTPA  Plaintiff has met all conditions precedent to bring this cause of action against Metropolitan Lloyds Insurance Company of Texas  Specifically, Metropolitan Lloyds Insurance Company of Texas' violations of the DTPA include, without limitation, the following matters

A      By its acts, omissions, failures, and conduct, Metropolitan Lloyds Insurance Company of Texas has violated sections 17 46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA  Metropolitan Lloyds Insurance Company of Texas' violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has

12

170821302040011

become reasonably clear, which gives Plaintiff the right to recover under section 17 46(b)(2)

B      Metropolitan Lloyds Insurance Company of Texas represented to Plaintiff that the Policy and Metropolitan Lloyds Insurance Company of Texas' adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.      Metropolitan Lloyds Insurance Company of Texas represented to Plaintiff that Metropolitan Lloyds Insurance Company of Texas' Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17 46(b)(7) of the DTPA

D      Metropolitan Lloyds Insurance Company of Texas advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17 46(b)(9) of the DTPA

E      Metropolitan Lloyds Insurance Company of Texas breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17 50(a) (2) of the DTPA

F      Metropolitan Lloyds Insurance Company of Texas' actions are unconscionable in that Metropolitan Lloyds Insurance Company of Texas took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree

13

17052130204001

Metropolitan Lloyds Insurance Company of Texas' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA, and

G. Metropolitan Lloyds Insurance Company of Texas' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17 50(a)(4) of the DTPA

51 Each of the above-described acts, omissions, and failures of Metropolitan Lloyds Insurance Company of Texas is a producing cause of Plaintiff's damages All of Metropolitan Lloyds Insurance Company of Texas' acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act

**NEGLIGENT HIRING**

52. Metropolitan Lloyds Insurance Company of Texas has a basic duty as an employer who retains services of another to use reasonable care in investigating the background of that individual for fitness for the position, to remain knowledgeable of that fitness, and is liable if another person suffers damages because of a lack of fitness Defendant Metropolitan Lloyds Insurance Company of Texas owed a duty to Plaintiff and that duty was breached

53. Metropolitan Lloyds Insurance Company of Texas was negligent in that it knew or should have known that Thomas was an incompetent adjuster and unfit to handle claims on behalf of Metropolitan Lloyds Insurance Company of Texas Specifically,

14

Metropolitan Lloyds Insurance Company of Texas should have known Thomas was incapable of performing the tasks necessary to perform a reasonable property damage inspection

54. Metropolitan Lloyds Insurance Company of Texas failed to investigate, screen or supervise Thomas, who was the proximate cause of the damages suffered by Plaintiff in this action

## FRAUD

55. Metropolitan Lloyds Insurance Company of Texas is liable to Plaintiff for common law fraud

56 Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Metropolitan Lloyds Insurance Company of Texas knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion

57. Metropolitan Lloyds Insurance Company of Texas made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud

## CAUSES OF ACTION AGAINST DEFENDANT RODNEY THOMAS

58 All paragraphs from the fact section of this petition are hereby incorporated into this section

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

15

170821302040011

59.     Thomas' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act  TEX  INS  CODE §541 060(a)

60.     Thomas is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Metropolitan Lloyds Insurance Company of Texas, because Thomas is a "person" as defined by TEX  INS  CODE §541 002(2)

61      Thomas' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance  TEX  INS. CODE §541 060(a) (2) (A)

62      Thomas' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541 060(a) (3)

63.     Thomas knowingly underestimated the amount of damage to the Property.  As such, Thomas failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX  INS  CODE §542.003(3).

64      Furthermore, Thomas did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim  TEX. INS  CODE §542.003(4)

## DTPA VIOLATIONS

65.     Thomas' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS  & COM  CODE 17.41–63  Plaintiff is a consumer of goods

16

170821302040011

and services provided by Thomas pursuant to the DTPA  Plaintiff has met all conditions precedent to bring this cause of action against Thomas  Specifically, Thomas' violations of the DTPA include the following matters

A.      By his acts, omissions, failures, and conduct, Thomas has violated sections 17 46(b) (2), (5), and (7) of the DTPA  Thomas' violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2)

B       Thomas represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17 46(b)(5) of the DTPA

C       Thomas represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17 46(b) (7) of the DTPA.

D       Thomas' actions are unconscionable in that Thomas took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Thomas' unconscionable conduct gives Plaintiff a right to relief under section 17 50(a)(3) of the DTPA, and

17082130204011

E.      Thomas' conduct, acts, omissions, and failures, as described in this petition, are

unfair practices in the business of insurance in violation of section 17 50(a)(4) of

the DTPA

66      Each of Thomas' above-described acts, omissions, and failures is a producing cause of

Plaintiff's damages   All acts, omissions, and failures were committed "knowingly" and

"intentionally" by Thomas, as defined by the Texas Deceptive Trade Practices Act   TEX.

BUS  & COM  CODE 17.45

## NEGLIGENCE

67      Thomas was negligent in his action and/or omission with regard to his adjusting of

Plaintiff's claim. Thomas violated the standard of care and fell below the applicable

standard of an insurance adjuster licensed by the state of Texas   Those failures include

one or more of the following acts or omissions

A.      Failure to conduct a reasonable inspection;

B       Failure to include covered damage that would be discovered as a result of a

reasonable inspection;

C       Failure to identify the proper cause and scope of the damage to Plaintiff's

Property;

D       Failure to properly identify the cost of proper repairs to Plaintiff's Property, and

E       Failure to communicate to Plaintiff the reasons for specific determinations made

regarding the inclusion or exclusion of damage to the Property.

68      Thomas' acts and/or omissions constitute negligence   His conduct was the proximate

cause of the damages sustained by Plaintiff

18

170521302040011

69    At all relevant times, Thomas was an agent or employee of Defendant Metropolitan

Lloyds Insurance Company of Texas

70    Thomas' unreasonable inspection was performed within the course and scope of his

duties with Defendant Metropolitan Lloyds Insurance Company of Texas  Therefore,

Metropolitan Lloyds Insurance Company of Texas is also liable for the negligence of

Thomas through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

71    Thomas' actions or omissions constitute gross negligence as defined in TEX  CIV  P  &

REM  CODE § 41 001 (11)(A) and (B)

A    Thomas' actions when viewed objectively from the standpoint of the actor at the

time of its occurrence involved an extreme degree of risk of harm to Plaintiff,

considering the probability and magnitude of potential harm to Plaintiff; and

B.    Thomas had actual, subjective awareness of the of the risk involved, but never-

the-less, proceeded with conscious indifference to the rights, safety or welfare of

Plaintiff

72.   By Metropolitan Lloyds Insurance Company of Texas' direction, Thomas intentionally

misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's

Property  His estimate was to such an extreme degree bellow what another reasonable

licensed adjuster would have done in that situation, and in complete disregard for the risk

and harm Plaintiff would suffer if the actual damages to the Property were allowed to

persist unrepaired.

1708213D2040011

## KNOWLEDGE

73.     Defendants made each of the acts described above, together and singularly, "knowingly,"

as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's

damages described herein

## WAIVER AND ESTOPPEL

74.     Defendants waived and are estopped from asserting any coverage defenses, conditions,

exclusions, or exceptions to coverage not contained in any reservation of rights letter to

Plaintiff.

## DAMAGES

75.     The damages caused to the Property have not been properly addressed or repaired since

the claim was made, causing further damage to the Property, and undue hardship and

burden to Plaintiff   These damages are a direct result of Defendants' mishandling of

Plaintiff's claims in violation of the laws set forth above

76     Plaintiff currently estimates that actual damages to the Property under the Policy are

$32,670.39

77.     Plaintiff would show that all of the aforementioned acts, taken together or singularly,

constitute the producing causes of the damages sustained   The above described acts,

omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which

include, without limitation, the cost to properly repair Plaintiff's Property and any

investigative and engineering fees incurred.

78     For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is

the amount of her claims, consequential damages, together with attorney's fees.

20

17082130204001

79      For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement

Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed

pursuant to the Policy, mental anguish, court costs, and attorney's fees  For knowing and

intentional conduct of the acts described above, Plaintiff asks for three (3) times her

actual damages  TEX  INS  CODE §541.152 and TEX, BUS. & COM. CODE 17 50(b)

(1)

80.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is

entitled to the amount of her claims, plus an eighteen percent (18%) per annum penalty

on those claims, as damages, as well as pre-judgment interest and reasonable attorney's

fees  TEX. INS. CODE §542 060

81      For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to

compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the

amount Metropolitan Lloyds Insurance Company of Texas owed, exemplary damages,

and damages for emotional distress

82.     Defendants' breach of the common law duty of good faith and fair dealing was

committed intentionally, with a conscious indifference to Plaintiff's rights and welfare,

and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and

Remedies Code   These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages   Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future

83     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs

84.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading   Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

85.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court   As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000 00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees   A jury will ultimately determine the monetary relief

1708213020400011

actually awarded, however.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate

## REQUESTS FOR DISCLOSURE

86      Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190 2(b)(6) and 194 2.

## JURY DEMAND

87      Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas   Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Metropolitan Lloyds Insurance Company of Texas and Rodney Thomas, be cited and served to appear, and that upon trial hereof, Plaintiff, Jill Baker c/o JKCB Properties LLC, recovers from Defendants, Metropolitan Lloyds Insurance Company of Texas and Rodney Thomas, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages

17082130204001

under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show herself justly entitled

Respectfully submitted,

CHAD T  WILSON LAW FIRM PLLC

By· *Isl Chad T  Wilson*

Chad T. Wilson
Bar No  24079587
Stephen Mengis
Bar No  24094842
455 East Medical Center Blvd , Suite 555
Webster, Texas 77598
Telephone· (832) 415-1432
Facsimile  (281) 940-2137
eService to.
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
smengis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

24

8/31/2017 4:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19186465
By: Danielle Gutierrez
Filed: 8/31/2017 4:18 PM

CAUSE NO. 2017-52902

| | | |
|---|---|---|
| JILL BAKER c/o JKCB PROPERTIES LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § § | |
| Defendants. | § § | 270TH JUDICIAL DISTRICT |

## <u>DEFENDANT RODNEY THOMAS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rodney Thomas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article 1, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article 1, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.    **Dwelling Owners.** If your dwelling is a one, two, three or four family dwelling, we cover:
   A.    the dwelling owned by you on the **residence premises**; and
   B.    structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under COVERAGE B - PRIVATE STRUCTURES.

* * *

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by you while it is anywhere in the world.

* * *

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in SECTION I - LOSSES WE DO NOT COVER.

**COVERAGE C - PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by SECTION I - BROAD NAMED PERILS, except as excluded in SECTION I - LOSSES WE DO NOT COVER.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, we do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for Fungus and Mold Remediation.

\* \* \*

2.    **Windstorm or Hail**
      We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

### SECTION I - LOSSES WE DO NOT COVER

1.    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

\* \* \*

   D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

      1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.    We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

   A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2. **What you Must do After a Loss.** We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

   A.  Promptly notify **us** or **our** representative.
       ...
   B.  Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.
   C.  Cooperate with us in the investigation of a claim.
       ...
   E.  At any reasonable time and place **we** designate, and as often as **we** reasonably require:
       1.  show **us** the damaged property;
       2.  submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and
       ...

Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with his costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show himself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:   Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
RODNEY THOMAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of August, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/591603.1/001466 17002

8/31/2017 4:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19186465
By: Danielle Gutierrez
Filed: 8/31/2017 4:18 PM

CAUSE NO. 2017-52902

| | | |
|---|---|---|
| JILL BAKER c/o JKCB PROPERTIES LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § | |
| Defendants. | § § § | 270TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING

1.  **Dwelling Owners.** If your dwelling is a one, two, three or four family dwelling, we cover:
    A.  the dwelling owned by you on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES.**

\* \* \*

### COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
We cover personal property owned or used by you while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS
### SECTION I - LOSSES WE COVER
### (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
We will pay only when a loss exceeds the deductible amount shown in the Declarations. We will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in SECTION I - LOSSES WE DO NOT COVER.

**COVERAGE C - PERSONAL PROPERTY**
We will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by SECTION I - BROAD NAMED PERILS, except as excluded in SECTION I - LOSSES WE DO NOT COVER.

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, we do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for Fungus and Mold Remediation.

* * *

2.     **Windstorm or Hail**
       We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *

### SECTION I - LOSSES WE DO NOT COVER

1.    We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

* * *

   D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

   1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

3.    We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

   A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the terms and conditions of the insurance policy issued by Metropolitan to the Plaintiff. Specifically, the subject insurance policy provides as follows:

SECTION I - CONDITIONS

...

2.   **What you Must do After a Loss.**  We have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.   Promptly notify **us** or **our** representative.
...

B.   Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.   Cooperate with us in the investigation of a claim.
...

E.   At any reasonable time and place **we** designate, and as often as **we** reasonably require:

1.   show **us** the damaged property;

2.   submit to questions concerning the loss under oath while not in the presence of any other person defined as "**you**", and sign and swear to the answers; and

...

Pleading further, Plaintiff failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By: _____
      Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31ˢᵗ day of August , 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

_____
Dennis D. Conder

PAN/PLDG/591604.1/001466.17002

9/8/2017 1:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19317105
By: Danielle Gutierrez
Filed: 9/8/2017 1:46 PM

CAUSE NO. 2017-52902

| | | |
|---|---|---|
| JILL BAKER c/o JKCB PROPERTIES LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

## DEFENDANT RODNEY THOMAS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rodney Thomas, ("Defendant"), and files this First Amended Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING
1.  **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.  the dwelling owned by **you** on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

### COVERAGE B – PRIVATE STRUCTURES
At the location of the **residence premises**:
1.  **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:
1.  used or held for any **business** or commercial farming purposes; or
2.  rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

### COVERAGE C - PERSONAL PROPERTY
**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

### CAUSES OF PROPERTY LOSS

### SECTION I - LOSSES WE COVER
### (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property
described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE
DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss
will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how
caused, to the property which results directly or indirectly from **fungus and mold**. There
is no coverage for loss which, in whole or in part, arises out of, is aggravated by,
contributed to by acts or omissions of persons, or results from **fungus and mold**. This
exclusion applies regardless of whether **fungus and mold** arises from any other cause of
loss, including but not limited to a loss involving water, water damage or discharge,
which may be otherwise covered by this policy, except as granted under **SECTION I -
ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

* * *

2. **Windstorm or Hail**
   **We** do not pay for loss to the interior of a building or to personal property inside,
   caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the
   roof or walls and the wind forces rain, snow, sleet, sand or dust through the
   opening.

* * *

## SECTION I - LOSSES WE DO NOT COVER

* * *

1. **We** do not insure for loss caused directly or indirectly by any of the following.
   Such loss is excluded regardless of any other cause or event contributing
   concurrently or in any sequence to the loss. These exclusions apply whether or not
   the loss event results in widespread damage or affects a substantial area.

* * *

D.  **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

1.  flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

2.  water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or

3.  water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

\* \* \*

H.  **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

\* \* \*

2.  **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A.  conduct, act, failure to act, or decision of any person, group, organization or governmental body;

B.  defective, inadequate, faulty or unsound:

1.  planning, zoning, development, surveying, siting;

2.  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

3.  materials used in repair, construction, renovation or remodeling; or

4.  maintenance;

of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and

C.      weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.      **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A.      wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

\* \* \*

2.      **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.      Promptly notify **us** or **our** representative.

B.      Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.      Cooperate with us in the investigation of a claim.

* * *

E.      At any reasonable time and place **we** designate, and as often as **we** reasonably require:
1.      show **us** the damaged property;
2.      submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

* * *

7.      **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us.**

**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiffs failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with his costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show himself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:     Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
RODNEY THOMAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of September, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/Pl.DG/592109.1/001466.17002

9/8/2017 1:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19317105
By: Danielle Gutierrez
Filed: 9/8/2017 1:46 PM

CAUSE NO. 2017-52902

| | | |
|---|---|---|
| JILL BAKER c/o JKCB PROPERTIES LLC, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS and RODNEY THOMAS, | § § § § | |
| Defendants. | § | 270TH JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this First Amended Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

---

DEFENDANT METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS' FIRST AMENDED ANSWER - PAGE 1

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

### COVERAGE A - DWELLING
1. **Dwelling Owners**. If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A. the dwelling owned by **you** on the **residence premises**; and
   B. structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

### COVERAGE B – PRIVATE STRUCTURES
At the location of the **residence premises:**
1. **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

**We** do not cover private structures:
1. used or held for any **business** or commercial farming purposes; or
2. rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

### COVERAGE C - PERSONAL PROPERTY
**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

* * *

## CAUSES OF PROPERTY LOSS

## SECTION I - LOSSES WE COVER
## (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation.**

* * *

2.   **Windstorm or Hail**
     **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

* * *

## SECTION I - LOSSES WE DO NOT COVER

* * *

1.      **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

* * *

D.      **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

    1.      flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

    2.      water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or

    3.      water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

* * *

H.      **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

* * *

2.      **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:  (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

    A.      conduct, act, failure to act, or decision of any person, group, organization or governmental body;

B.    defective, inadequate, faulty or unsound:
1.    planning, zoning, development, surveying, siting;
2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
3.    materials used in repair, construction, renovation or remodeling; or
4.    maintenance;
of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and
C.    weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

### SECTION I – CONDITIONS

\* \* \*

2.     **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

A.     Promptly notify **us** or **our** representative.

B.     Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

C.     Cooperate with us in the investigation of a claim.

* * *

E.     At any reasonable time and place **we** designate, and as often as **we** reasonably require:

1.     show **us** the damaged property;

2.     submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

* * *

7.     **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us**.

**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiffs failed to promptly repair the subject property and based upon information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:   Dennis D. Conder
     State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of September, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiff's counsel of record.

Dennis D. Conder

PAN/PLDG/592110.1/001466.17002

---

**DEFENDANT METROPOLITAN LLOYDS INSURANCE**
**COMPANY OF TEXAS' FIRST AMENDED ANSWER - PAGE 8**