United States District Court
Southern District of Texas
**ENTERED**
November 22, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JILL BAKER C/O JKCB PROPERTIES, INC., | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2746 |
| | § | |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS, *et al*, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM & ORDER**

Pending before the Court is Plaintiff Jill Baker's ("Baker") Motion to Abstain and Remand. (Doc. No. 5.) Having considered the filings, the responses thereto, and applicable law, the Court **GRANTS** the motion.

**I.    BACKGROUND**

The following account is drawn from the allegations in Baker's original complaint. (Doc. No. 1-1.) Baker holds a homeowner's insurance policy on property in Houston, Texas. *Id.* at ¶ 9. That policy was issued by Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan"), and covers damage from wind and hailstorms. *Id.* at ¶¶ 9-10. A storm with wind and hail damaged Baker's property in April 2016. *Id.* at ¶ 11. Baker submitted a claim to Metropolitan. *Id.* at ¶ 12.

Metropolitan assigned or hired Defendant Rodney Thomas ("Thomas"), a licensed Texas adjuster, to inspect and adjust the claim. *Id.* at ¶¶ 14, 21. Thomas conducted an inspection and estimated that damages totaled $392.39. *Id.* Baker alleges that Metropolitan, through its agent, Thomas, conducted a substandard and improper inspection of the property, which grossly

1

undervalued the cost of repairs. *Id.* at ¶ 15. Because of depreciation and a deductible of $3,166.00, Baker was left without recovery. *Id.* at ¶¶ 14, 26.

Baker alleges that Metropolitan and Thomas refused full coverage, including replacement of the roof and additional exterior and interior damage. *Id.* A third party inspector reviewed the property and found $18,955.06 of damage to the roof, as well as damage to the roofing felt, valley metal, asphalt starter, drip edge, 20" flashing, pipe jack flashing, step flashing, furnace vent, gutters, and downspouts. *Id.* at ¶ 16. None of that damage was included in Thomas's estimate. *Id.* Thomas found only that the roof's rain caps and vents were damaged, as well as glazed window beading. *Id.* Baker had submitted the claim when she noticed spots on her ceiling and water leaking through, but Thomas did not mention interior damage and did not include any pictures of the interior in his estimate. *Id.* at ¶ 17. By contrast, the third party inspector documented $2,143.27 in damage to Baker's sunroom. *Id.*

Baker alleges that Thomas had a vested interest in undervaluing the claims assigned to him by Metropolitan in order to maintain his employment. *Id.* at ¶ 19. Thomas was aware of Baker's deductible, and Baker alleges he knew what he needed to document in order to deny her claim. *Id.* at ¶20.

Baker sued Metropolitan and Thomas in the 270th Judicial District Court in Harris County, Texas. Baker seeks to recover damages from Defendants in excess of $100,000, but no more than $200,000. *Id.* at ¶ 85. Baker's claims against Metropolitan are for breach of contract, Texas Insurance Code violations, breach of the duty of good faith and fair dealing, Texas Deceptive Trade Practices Act ("DTPA") violations, negligent hiring, and fraud. *Id.* at ¶¶ 38-57. Her claims against Thomas are for Texas Insurance Code violations, DTPA violations, negligence, and gross negligence. *Id.* at ¶¶ 58-73.

2

Metropolitan removed the case to this Court. (Doc. No. 1.) It argues that this Court has diversity jurisdiction. *Id.* The parties do not dispute that the amount-in-controversy requirement is met. Nor do the parties dispute that Metropolitan is not a citizen of Texas, but both Baker and Thomas are. (*See* Doc. No. 6 at 2.) Metropolitan argues, however, that this Court has jurisdiction because Thomas was improperly joined and therefore his citizenship should not be considered for purposes of diversity. (Doc. Nos. 1, 6.) The Court's subject matter jurisdiction turns on the question of improper joinder.

## II.   APPLICABLE LAW

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is therefore possible in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires each plaintiff to have citizenship diverse from each defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016).

The doctrine of improper joinder stems from the text of 28 U.S.C. § 1441(b)(2): "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." If the proper joinder of non-diverse defendants defeats diversity jurisdiction, then their improper joinder does not have that result. "[T]he purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). In this inquiry,

"[t]he burden of proof is on the removing party." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

There are two types of improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Under the latter type, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. There must be more than a "mere theoretical possibility of recovery under local law." *Id.* at 573 n.9 (quoting *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A court can make the improper-joinder determination in one of two ways. It can conduct a Rule 12(b)(6) analysis, scrutinizing the complaint's allegations to see whether the complaint states a claim on which relief can be granted. *Smallwood*, 385 F.3d at 573. Alternatively, the court can "pierce the pleadings and conduct a summary inquiry." *Id.* As between these two methods, "a court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Int'l Energy Ventures*, 818 F.3d at 207.

"[D]ecisions about removal must be made on the basis of federal law, not state law." *Id.* at 202. Consequently, if the court elects to do a 12(b)(6) analysis, it applies the federal pleading standard, rather than the state pleading standard. *Id.* Therefore, the court's analysis begins with Rule 8(a)(2)'s requirement for pleadings—"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does

4

a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). The complaint must plead "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When doing a Rule 12(b)(6) analysis as part of an improper-joinder inquiry, a district court must also heed the Fifth Circuit's instruction that "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004). Important interests are at stake in the decision to remand. "It is imperative that a motion to remand be resolved as swiftly as possible so that the plaintiff maintains his right to choose the forum in which to litigate." *Guillory*, 434 F.3d at 310.

### III. ANALYSIS

The Court applies the 12(b)(6) approach, because no evidentiary record yet exists that could be reached by piercing the pleadings. The parties agree that the 12(b)(6) approach is appropriate. (Doc. No. 5 at 3; Doc. No. 6 at 3.)

The Court begins with Baker's claims under the Texas Insurance Code against Thomas. Baker alleges that, among other violations, Thomas engaged in the following unfair practices: "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the

claims, even though liability under the Policy was reasonably clear." Tex. Ins. Code § 541.060(a)(2)(A). (Doc. No. 1-1 at ¶ 61.)

Texas law allows individual adjusters to be held liable under the Texas Insurance Code. *See Gasch*, 491 F.3d at 282; *Hooper v. Allstate Texas Lloyd's*, 2017 WL 4475931, at *3 (S.D. Tex. Oct. 6, 2017). Metropolitan does not contest this principle, but instead argues Baker's complaint fails a 12(b)(6) analysis. (Doc. No. 6 at 6.) Thus, the issue presented is whether Baker alleged sufficient facts to state a claim on which relief can be granted.

Metropolitan argues that Thomas was improperly joined because Baker advanced only "boilerplate allegations." (Doc. No. 6 at 6-9.) The Court disagrees. This is not a situation where Baker failed entirely to differentiate between Defendants Metropolitan and Thomas. *See Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999) (improper joinder where the only factual allegation to mention the insurance adjuster was a sentence that identified the adjuster as an agent). The claims against Metropolitan and Thomas are distinguished, and Baker attributes specific factual allegations to Thomas. (Doc. No. 1-1.) Baker alleges: Thomas inspected her property; he misrepresented and undervalued the cost of repairs; he had an interest in undervaluing the damage; despite spots on and water leaking through the sunroom ceiling, he did not take photographs of or include a damage estimate for the interior of her home; his estimate did not include damage to several parts of the inside and outside of her property that a third party adjuster concluded were damaged, such as the gutters and downspouts; and he fabricated explanations for why visible damage was not covered under the insurance policy. *Id.* at ¶¶ 14-22.

The Court holds that these allegations have adequate detail to reach the threshold of facial plausibility and thus to state a claim on which relief can be granted under Texas Insurance Code § 541.060(a)(2)(A) against Thomas. Because "the existence of even a single valid cause of action

against in-state defendants" requires remand of the entire case, *Gray*, 390 F.3d at 412, the Court does not need to reach Baker's other claims against Thomas.

### IV. CONCLUSION

The existence of a valid claim against Thomas means that he is properly joined in this action. Because Thomas is a citizen of Texas, like Baker, the Court lacks diversity jurisdiction. Remand of the case to the Texas district court is required.

Accordingly, Baker's Motion to Abstain and Remand is **GRANTED**. This case is **REMANDED** to the 270th Judicial District Court in Harris County, Texas.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 22nd day of November, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE